**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter _11_

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | The Neiman Marcus Group LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | f/k/a The Neiman Marcus Group, Inc.; Nancy Holdings LLC (merger); Cusp; Cusp.com ; Horchow Finale; Horchow Mail Order; IL POSTO; LAST CALL from Neiman Marcus; Last Call Studio; Last Call Studio by Neiman Marcus; Mariposa; Neiman Marcus; Neiman Marcus Direct; Neiman Marcus Last Call; NM Café; NM Direct; NM Visual |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 95-4119509 |

4. **Debtor's address**

**Principal place of business**

| One Marcus Square | | |
|---|---|---|
| Number | Street | |
| 1618 Main Street | | |
| Dallas | TX | 75201 |
| City | State | Zip Code |

| Dallas County | |
|---|---|
| County | |

**Mailing address, if different from principal place of business**

| | |
|---|---|
| Number | Street |
| | |
| P.O. Box | |
| | |
| City | State | Zip Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |
| | |
| City | State | Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://www.neimanmarcus.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor   **The Neiman Marcus Group LLC**                     Case number *(if known)* _____

_____

    Name

| | |
|---|---|
| **7.  Describe debtor's business** | **A.**  *Check One:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.**  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.**  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4481 (Clothing Stores)**

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
| | ☐ Yes. |

If more than 2 cases, attach a separate list.

District _____   When _____   Case number _____

    MM/DD/YYYY

District _____   When _____   Case number _____

    MM/DD/YYYY

| Debtor | **The Neiman Marcus Group LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor<br>District<br><br>Case number, if known | **See Rider 1**<br>**Southern District of Texas** | Relationship<br><br>When | **Affiliate**<br><br>**05/07/2020**<br>MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | |
|---|---|
| _____ Number    Street | |
| _____ City | ____ State    ____ Zip Code |

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**[1]

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

1    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | The Neiman Marcus Group LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/07/2020**
                MM/ DD / YYYY

✗   **/s/ Tracy M. Preston**                    **Tracy M. Preston**
     Signature of authorized representative of debtor       Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**          Date   **05/07/2020**
     Signature of attorney for debtor                     MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                     Street

**Houston**                                    **Texas**          **77010**
City                                            State            ZIP Code

**(713) 752-4200**                          **mcavenaugh@jw.com**
Contact phone                                Email address

**24062656**                                **Texas**
Bar number                                   State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>                  <strong>Southern District of Texas</strong><br>                          (State)</td></tr>
<tr><td>Case number <em>(if known)</em>:</td><td>Chapter   11</td></tr>
</table>

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Neiman Marcus Group LTD LLC.

| |
|---|
| Neiman Marcus Group LTD LLC |
| Bergdorf Goodman Inc. |
| Bergdorf Graphics, Inc. |
| BG Productions, Inc. |
| Mariposa Borrower, Inc. |
| Mariposa Intermediate Holdings LLC |
| NEMA Beverage Corporation |
| NEMA Beverage Holding Corporation |
| NEMA Beverage Parent Corporation |
| NM Bermuda, LLC |
| NM Financial Services, Inc. |
| NM Nevada Trust |
| NMG California Salon LLC |
| NMG Florida Salon LLC |
| NMG Global Mobility, Inc. |
| NMG Notes PropCo LLC |
| NMG Salon Holdings LLC |
| NMG Salons LLC |
| NMG Term Loan PropCo LLC |
| NMG Texas Salon LLC |
| NMGP, LLC |
| The Neiman Marcus Group LLC |
| The NMG Subsidiary LLC |
| Worth Avenue Leasing Company |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE NEIMAN MARCUS GROUP LLC, | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| The Neiman Marcus Group LLC | Neiman Marcus Group LTD LLC | One Marcus Square<br>1618 Main Street<br>Dallas, Texas  75201 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE NEIMAN MARCUS GROUP LLC, | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Neiman Marcus Group LTD LLC | 100% |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Neiman Marcus Group LTD LLC,** *et al.* |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| Case number *(If known)*: | (State) |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                                                                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | UMB BANK, N.A. 1290 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10104 ATTN: DAVID ELSBERG | 1290 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10104 ATTN: DAVID ELSBERG | SENIOR NOTES | N/A | | | $80,680,000.00 |
| 2 | UMB BANK, N.A. 1290 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10104 ATTN: DAVID ELSBERG | 1290 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10104 ATTN: DAVID ELSBERG | SENIOR NOTES | N/A | | | $56,583,532.00 |
| 3 | MONUMENT CONSULTING 1800 SUMMIT AVENUE RICHMOND, VA 23230 ATTN: SCOTT STEARMAN | 1800 SUMMIT AVENUE RICHMOND, VA 23230 ATTN: SCOTT STEARMAN TELEPHONE: 804-572-1388 EMAIL: SCOTTSTEARMAN@MONUMENTCONSULTING.COM | PROFESSIONAL SERVICE FEES | N/A | | | $10,441,602.47 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 4 | RAKUTEN MARKETING LLC 215 PARK AVE SOUTH 9TH FL NEW YORK, NEW YORK 10003 ATTN: TERESA MANGIATERRA | 215 PARK AVE SOUTH 9TH FL NEW YORK, NEW YORK 10003 ATTN: TERESA MANGIATERRA TELEPHONE: 801-308-7739 EMAIL: TERESA.MANGIATERRA@RAKUTEN.COM | TRADE | N/A | | | $7,839,874.48 |
| 5 | CHANEL INC 885 CENTENNIAL AVENUE SUITE 300 PISCATAWAY, NJ 08854 ATTN: CHRISTINE PALAKA | 885 CENTENNIAL AVENUE SUITE 300 PISCATAWAY, NJ 08854 ATTN: CHRISTINE PALAKA TELEPHONE: 732-980-3872 EMAIL: CHRISTINE.PALAKA@CHANELUSA.COM | TRADE | N/A | | | $6,001,542.90 |
| 6 | VERONICA BEARD 225 W 35TH STREET 10TH FLOOR NEW YORK, NY 10001 ATTN: MARIE JOSMA | 225 W 35TH STREET 10TH FLOOR NEW YORK, NY 10001 ATTN: MARIE JOSMA TELEPHONE:646-453-7663 EMAIL: MARIE@VERONICABEARD.COM | TRADE | N/A | | | $4,345,511.83 |
| 7 | LA MER 7 CORPORATE CENTER DRIVE MELVILLE, NY 11747 ATTN: MANDI LOIACONO | 7 CORPORATE CENTER DRIVE MELVILLE, NY 11747 ATTN: MANDI LOIACONO TELEPHONE: 631-847-8445 EMAIL: MLOIACON@ESTEE.COM | TRADE | N/A | | | $3,529,349.65 |
| 8 | GUCCI AMERICA 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES | 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $3,161,245.70 |
| 9 | DOLCE AND GABBANA USA INC 900 SECAUCUS ROAD UNIT C SECAUCUS, NJ 07094 ATTN: RUGGERO CATERINI | 900 SECAUCUS ROAD UNIT C SECAUCUS, NJ 07094 ATTN: RUGGERO CATERINI TELEPHONE: 212-750-0055 EMAIL: RUGGERO.CATERINI@DOLCEGABBANA.IT | TRADE | N/A | | | $2,710,677.38 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 10 | STUART WEITZMAN INC 2400 E COMMERCIAL BLVD 506 FT LAUDERDALE, FL 33308 ATTN: CHRISTINE PECK | 2400 E COMMERCIAL BLVD 506 FT LAUDERDALE, FL 33308 ATTN: CHRISTINE PECK TELEPHONE: 201-804-5000 EMAIL: CPECK@TAPESTRY.COM | TRADE | N/A | | | $2,576,154.14 |
| 11 | THEORY LLC 165 POLITO AVENUE LYNDHURST, NJ 07071 ATTN: LIEU LA | 165 POLITO AVENUE LYNDHURST, NJ 07071 ATTN: LIEU LA TELEPHONE: 201-728-5765 EMAIL: LIEU.LA@THEORY.COM | TRADE | N/A | | | $2,542,789.85 |
| 12 | CHRISTIAN LOUBOUTIN 306 W 38TH STREET 4TH FLOOR NEW YORK, NY 10018 ATTN: DAPHNE DAN | 306 W 38TH STREET 4TH FLOOR NEW YORK, NY 10018 ATTN: DAPHNE DAN TELEPHONE: 212-279-7362, EXT 5035 EMAIL: D.DAN@US.CHRISTIANLOUBOUTIN.COM | TRADE | N/A | | | $2,268,911.92 |
| 13 | SISLEY COSMETICS USA INC 7 RENAISSANCE SQUARE FLOOR 3 WHITE PLAINS, NY 10601 ATTN: KENDRA CORDEIRO | 7 RENAISSANCE SQUARE FLOOR 3 WHITE PLAINS, NY 10601 ATTN: KENDRA CORDEIRO TELEPHONE: 203-231-9744 EMAIL: KENDRA.CORDEIRO@SISLEY.FR | TRADE | N/A | | | $2,243,266.03 |
| 14 | YVES SAINT LAURENT AMERICA INC 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES | 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $2,179,587.67 |
| 15 | BURBERRY USA 444 MADISON AVE NEW YORK, NY 10022 ATTN: AARON STOUT | 444 MADISON AVE NEW YORK, NY 10022 ATTN: AARON STOUT TELEPHONE: 212-707-6568 EMAIL: AARON.STOUT@BURBERRY.COM | TRADE | N/A | | | $1,969,504.82 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 16 | LA PRAIRIE INC 30 ETHEL ROAD EDISON, NJ 08817 ATTN: THERESA CHIN | 30 ETHEL ROAD EDISON, NJ 08817 ATTN: THERESA CHIN TELEPHONE: 212-506-0875 EMAIL: THERESA.CHIN@LAPRAIRIE.COM | TRADE | N/A | | | $1,916,931.00 |
| 17 | NORTHPARK PARTNERS LP 8080 NORTH CENTRAL EXPRESSWAY SUITE 1100 DALLAS, TX 75206 ATTN: JERRI KEPLEY | 8080 NORTH CENTRAL EXPRESSWAY SUITE 1100 DALLAS, TX 75206 ATTN: JERRI KEPLEY TELEPHONE: 214-369-1234 EMAIL: JTANZOLA@AKRIS.COM | LEASE/RENT | N/A | | | $1,846,128.00 |
| 18 | AKRIS PRET A PORTER AG 835 MADISON AVENUE 4TH FLOOR NEW YORK, NY 10021 ATTN: NADJA HOLLENSTEIN | 835 MADISON AVENUE 4TH FLOOR NEW YORK, NY 10021 ATTN: NADJA HOLLENSTEIN TELEPHONE: + 41(0) 4712277 857 EMAIL: NADJA.HOLLENSTEIN@AKRIS.COM | TRADE | N/A | | | $1,840,736.56 |
| 19 | RAG & BONE INDUSTRIES LLC 1000 CASTLE ROAD SECAUCUS, NJ 07094 ATTN: JENNY VALENCIA | 1000 CASTLE ROAD SECAUCUS, NJ 07094 ATTN: JENNY VALENCIA TELEPHONE: 646-564-5417 EMAIL: JENNY.VALENCIA@RAG-BONE.COM | TRADE | N/A | | | $1,755,347.07 |
| 20 | TATA CONSULTANCY SERVICES LTD 379 THORNALL STREET EDISTON, NJ 08837 ATTN: KALPANA SUBRAMANIAN | 379 THORNALL STREET EDISTON, NJ 08837 ATTN: KALPANA SUBRAMANIAN TELEPHONE: 904-238-4681 EMAIL: S.KALPANA@TCS.COM | PROFESSIONAL SERVICE FEES | N/A | | | $1,638,580.53 |
| 21 | EILEEN FISHER 2 BRIDGE ST STE 230 IRVINGTON, NY 10533 ATTN: EILEEN FISHER | 2 BRIDGE ST STE 230 IRVINGTON, NY 10533 ATTN: EILEEN FISHER TELEPHONE: 914-721-4065 EMAIL: SHEN.CHIN@EILEENFISHER.COM | TRADE | N/A | | | $1,626,840.55 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 22 | FRAME DENIM 3578 HAYDEN AVE STE N1 CULVER CITY, CA 90232-2486 ATTN: BRITTANY MILLER | 3578 HAYDEN AVE STE N1 CULVER CITY, CA 90232-2486 ATTN: BRITTANY MILLER TELEPHONE: 646-494-9618 EMAIL: BRITTANY.MILLER@FRAME-BRAND.COM | TRADE | N/A | | | $1,625,367.01 |
| 23 | VERSACE USA INC 3 COLUMBUS CIRCLE 20TH FLOOR NEW YORK, NY 10019 ATTN: IDA REBUENO | 3 COLUMBUS CIRCLE 20TH FLOOR NEW YORK, NY 10019 ATTN: IDA REBUENO TELEPHONE: 212-545-2522 EMAIL: IDA.REBUENO@VERSACEUS.COM | TRADE | N/A | | | $1,529,458.98 |
| 24 | PRADA USA CORP MIU MIU 610 W 52ND STREET 4TH FLOOR NEW YORK, NY 10019 ATTN: AIMEE NSANG | 610 W 52ND STREET 4TH FLOOR NEW YORK, NY 10019 ATTN: AIMEE NSANG TELEPHONE: 212-307-9300, X 21280 EMAIL: AIMEE.NSANG@PRADA.COM | TRADE | N/A | | | $1,434,536.86 |
| 25 | GIORGIO ARMANI (CONSIGN) 99 PARK AVENUE NEW YORK, NY 10016 ATTN: ERIC SILVERMAN | 99 PARK AVENUE NEW YORK, NY 10016 ATTN: ERIC SILVERMAN TELEPHONE: 212-209-3551 EMAIL: ESILVERMAN@GIORGIOARMANI.COM | TRADE | N/A | | | $1,430,376.87 |
| 26 | TORY BURCH - TORY BY TRB 11 W 19TH STREET 7TH FLOOR NEW YORK, NY 10011 ATTN: TRANLY LY | 11 W 19TH STREET 7TH FLOOR NEW YORK, NY 10011 ATTN: TRANLY LY TELEPHONE: 201-549-9832 EMAIL: TLY@TORYBURCH.COM | TRADE | N/A | | | $1,375,980.93 |
| 27 | JOHNNY WAS 250 W 39TH STREET SUITE 702 NEW YORK, NY 10018 ATTN: MARCELINO ENERO | 250 W 39TH STREET SUITE 702 NEW YORK, NY 10018 ATTN: MARCELINO ENERO TELEPHONE: 323-582-1005, EXT. 111 EMAIL: MARCELINO@JOHNNWAS.COM | TRADE | N/A | | | $1,345,041.15 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 28 | JIMMY CHOO 750 LEXINGTON AVENUE 22ND FLOOR NEW YORK, NY 10022 ATTN: KADRI MERILA | 750 LEXINGTON AVENUE 22ND FLOOR NEW YORK, NY 10022 ATTN: KADRI MERILA TELEPHONE: +44(0) 20 7947 5960 EMAIL: KADRI.MERILA@JIMMYCHOO.COM | TRADE | N/A | | | $1,164,736.26 |
| 29 | FERRAGAMO USA INC 700 CASTLE ROAD SECAUCUS, NJ 07094 ATTN: FRANK TORRENT | 700 CASTLE ROAD SECAUCUS, NJ 07094 ATTN: FRANK TORRENT TELEPHONE: 201-553-6139 EMAIL: FRANK.TORRENT@FERRAGAMO.COM | TRADE | N/A | | | $1,163,434.11 |
| 30 | ALICE & OLIVIA LLC 1111 SECAUCUS ROAD SECAUCUS, NJ 07094 ATTN: JILL DONAHOE | 1111 SECAUCUS ROAD SECAUCUS, NJ 07094 ATTN: JILL DONAHOE TELEPHONE: 646-747-1432 EMAIL: JILL.DONAHOE@ALICEANDOLIVIA.COM | TRADE | N/A | | | $1,151,248.96 |
| 31 | CRITEO CORP PO BOX 123520 DALLAS, TX 75312-3520 ATTN: CAROLINE PINGON | PO BOX 123520 DALLAS, TX 75312-3520 ATTN: CAROLINE PINGON TELEPHONE: 650-322-6260 EMAIL: C.PINGON@CRITEO.COM | TRADE | N/A | | | $1,109,419.73 |
| 32 | ELICIT LLC 650 3RD AVENUE SUITE 1500 MINNEAPOLIS, MN 55402 ATTN: LAUREN DREXLER | 650 3RD AVENUE SUITE 1500 MINNEAPOLIS, MN 55402 ATTN: LAUREN DREXLER TELEPHONE: 914-980-5143 EMAIL: LAUREN.DREXLER@ELICITNSIGHTS.COM | TRADE | N/A | | | $1,085,495.12 |
| 33 | LAFAYETTE 148 INC 141 FLUSHING AVENUE BUILDING 77, 14TH FLOOR BROOKLYN, NY 11205 ATTN: SYLVIA HUANG | 141 FLUSHING AVENUE BUILDING 77, 14TH FLOOR BROOKLYN, NY 11205 ATTN: SYLVIA HUANG TELEPHONE: 646-922-1711 EMAIL: SYLVIA.HUANG@LAFAYETTE146.COM | TRADE | N/A | | | $1,058,515.10 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 34 | MANOLO BLAHNIK AMERICAS LLC 880 THIRD AVENUE 13TH FLOOR NEW YORK, NY 10022 ATTN: SUNNY PAK | 880 THIRD AVENUE 13TH FLOOR NEW YORK, NY 10022 ATTN: SUNNY PAK TELEPHONE: 917-846-2778 EMAIL: SUNNY.PAK@MANOLOBLAHNIK.COM | TRADE | N/A | | | $1,041,835.75 |
| 35 | GIVENCHY CORP 19 E 57TH STREET NEW YORK, NY 10022 ATTN: MENDY HUANG | 19 E 57TH STREET NEW YORK, NY 10022 ATTN: MENDY HUANG TELEPHONE: 646-346-7616 EMAIL: MENDY.HUANG@LVMHFASHION.COM | TRADE | N/A | | | $999,269.60 |
| 36 | FACEBOOK INC 1601 S CALIFORNIA AVENUE PALO ALTO, CA 94304-1111 ATTN: KARIN TRACY | 1601 S CALIFORNIA AVENUE PALO ALTO, CA 94304-1111 ATTN: KARIN TRACY TELEPHONE: 646-745-6871 EMAIL: KARINT@FB.COM | TRADE | N/A | | | $994,829.63 |
| 37 | THE ROW 609 GREENWICH ST 3RD FLOOR NEW YORK, NY 10014 ATTN: JAN KAPLAN | 609 GREENWICH ST 3RD FLOOR NEW YORK, NY 10014 ATTN: JAN KAPLAN TELEPHONE: 646-358-3888, EXT. 1872 EMAIL: JAN.KAPLAN@THEROW.COM | TRADE | N/A | | | $948,909.87 |
| 38 | BRIONI ROMAN STYLE 33 WHITEHALL STREET SUITE 1401 NEW YORK, NY 10004 ATTN: DANIEL BYRNES | 33 WHITEHALL STREET SUITE 1401 NEW YORK, NY 10004 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $932,648.60 |
| 39 | ERMENEGILDO ZEGNA TOM FORD 100 W FOREST AVENUE UNIT A ENGLEWOOD, NJ 07631 ATTN: ACEL JOSEPH | 100 W FOREST AVENUE UNIT A ENGLEWOOD, NJ 07631 ATTN: ACEL JOSEPH TELEPHONE: 201-735-0388 EMAIL: ACEL.JOSEPH@ZEGNA.COM | TRADE | N/A | | | $905,113.09 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 40 | BOTTEGA VENETA 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES | 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $887,717.20 |
| 41 | BALENCIAGA AMERICA INC 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES | 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $860,626.64 |
| 42 | VINCE 600 KELLWOOD PARKWAY CHESTERFIELD, MO 63017 ATTN: AMANDA WARREN | 600 KELLWOOD PARKWAY CHESTERFIELD, MO 63017 ATTN: AMANDA WARREN EMAIL: AWARREN@VINCE.COM | TRADE | N/A | | | $849,186.88 |
| 43 | ALEXANDER MCQUEEN 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES | 50 HARTZ WAY SECAUCUS, NJ 07094 ATTN: DANIEL BYRNES TELEPHONE: 201-553-6926 EMAIL: DANIEL.BYRNES@KERING.COM | TRADE | N/A | | | $835,073.38 |
| 44 | TOM FORD BEAUTY 7 CORPORATE CENTER DRIVE MELVILLE, NY 11747 ATTN: ACEL JOSEPH | 7 CORPORATE CENTER DRIVE MELVILLE, NY 11747 ATTN: ACEL JOSEPH TELEPHONE: 201-735-0388 EMAIL: ACEL.JOSEPH@ZEGNA.COM | TRADE | N/A | | | $821,681.37 |
| 45 | CHLOE INC 1111 MARCUS AVENUE UNIT 5A LAKE SUCCESS, NY 11042 ATTN: JAMES VILLAMANA | 1111 MARCUS AVENUE UNIT 5A LAKE SUCCESS, NY 11042 ATTN: JAMES VILLAMANA TELEPHONE: 203-925-6400 EMAIL: JAMES.VILLAMANA@RICHEMONT.COM | TRADE | N/A | | | $792,473.29 |
| 46 | RTB HOUSE INC C/O AVITUS GROUP ACCTG SVC DEP PO BOX 2506 BILLINGS, MT 5910 ATTN: ERIN GONZALEZ | C/O AVITUS GROUP ACCTG SVC DEP PO BOX 2506 BILLINGS, MT 59103 ATTN: ERIN GONZALEZ TELEPHONE: 516-398-7623 EMAIL: ERIN.GONZALEZ@RTBHOUSE.COM | TRADE | N/A | | | $789,180.36 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 47 | BALMAIN USA LLC 11 W 42ND STREET 31ST FLOOR NEW YORK, NY 10038 ATTN: ARDIANA BYTYQI | 11 W 42ND STREET 31ST FLOOR NEW YORK, NY 10038 ATTN: ARDIANA BYTYQI TELEPHONE: 917-262-0354 EMAIL: ABYTYQI@BALMAIN.COM | TRADE | N/A | | | $787,269.88 |
| 48 | RALPH LAUREN 201 PENDLETON STREET HIGH POINT, NC 27260 ATTN: DONNA RIGGS | 201 PENDLETON STREET HIGH POINT, NC 27260 ATTN: DONNA RIGGS TELEPHONE: 888-674-8528, EXT. 4387 EMAIL: DRIGGS@RALPHLAUREN-AR.COM | TRADE | N/A | | | $733,272.73 |
| 49 | CARVEN LUX PERFUMES INTL COSMETICS 30 W 21ST STREET 7TH FLOOR NEW YORK, NY 10010 ATTN: STEVEN LACOLLA | 30 W 21ST STREET 7TH FLOOR NEW YORK, NY 10010 ATTN: STEVEN LACOLLA TELEPHONE: 212-643-1141 EMAIL: SLACOLLA@ICPERFUMES.COM | TRADE | N/A | | | $732,293.38 |
| 50 | DAVID YURMAN ENTERPRISES LLC 24 VESTRY STREET 11TH FLOOR NEW YORK, NY 10013 ATTN: BART NG | 24 VESTRY STREET 11TH FLOOR NEW YORK, NY 10013 ATTN: BART NG TELEPHONE: 646-264-7246 EMAIL: BNG@DAVIDYURNMAN.COM | TRADE | N/A | | | $732,155.19 |

**OMNIBUS WRITTEN CONSENT IN LIEU
OF MEETINGS OF THE BOARDS OF DIRECTORS,
BOARDS OF MANAGERS, SOLE MANAGERS, MEMBERS,
SOLE MEMBER AND MANAGERS, LIMITED PARTNERS
AND OTHER GOVERNING BODIES**

May 6, 2020

Effective as of the date written above, the undersigned, being all of the members of the respective board of directors or board of managers, the sole member or other governing body (each, a "Governing Body"), as applicable, of each of the entities listed on Annex A attached hereto (each a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions set forth on Exhibit A, Exhibit B and Exhibit C by written consent pursuant to the bylaws, limited liability company agreement, limited partnership agreement or similar document of each respective Company (as amended, restated or modified from time to time, as applicable, the "Governing Document") and the laws of the state of formation or organization of each Company as set forth next to each Company's name on Annex A.

**BERGDORF GOODMAN, INC.**

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

By:_____
Name: Brandy Richardson

**BERGDORF GOODMAN, INC.**

By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck


By:_____
Name: Brandy Richardson

**BERGDORF GOODMAN, INC.**

By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

By:_____
Name: Brandy Richardson

.

**BERGDORF GRAPHICS, INC.**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck


By:_____
Name: Kim Yee

**BERGDORF GRAPHICS, INC.**

By: _____
Name: Brandy Richardson

By: _____
Name: Tracy M. Preston

By: _____
Name: Geoffroy van Raemdonck

By: _____
Name: Kim Yee

**BERGDORF GRAPHICS, INC.**

By: _____
Name: Brandy Richardson


By: _____
Name: Tracy M. Preston


By: _____
Name: Geoffroy van Raemdonck


By: _____
Name: Kim Yee

**BERGDORF GRAPHICS, INC.**

By:_____
Name: Brandy Richardson

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

By: *Kim Yee*_____
Name: Kim Yee

**BG PRODUCTIONS, INC.**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

[Signature Page to Omnibus Written Consent]

**BG PRODUCTIONS, INC.**


By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

**BG PRODUCTIONS, INC.**

By: _____
Name: Brandy Richardson

By: _____
Name: Tracy M. Preston

By: _____
Name: Geoffroy van Raemdonck

[Signature Page to Omnibus Written Consent]

**MARIPOSA BORROWER, INC.**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

**MARIPOSA BORROWER, INC.**

By:_____
Name: Brandy Richardson

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**MARIPOSA BORROWER, INC.**

By: _____
Name: Brandy Richardson


By: _____
Name: Tracy M. Preston


By: _____
Name: Geoffroy van Raemdonck

[Signature Page to Omnibus Written Consent]

**MARIPOSA INTERMEDIATE HOLDINGS LLC**

By:_____
Name: Anthony Horton

By:_____
Name: Geoffroy van Raemdonck

**MARIPOSA INTERMEDIATE HOLDINGS LLC**

By: _A.R. Horton_____
Name: Anthony Horton


By: _____
Name: Geoffroy van Raemdonck

**NEIMAN MARCUS GROUP LTD LLC**

By:_____
Name: Marc Beilinson

By:_____
Name: Geoffroy van Raemdonck

By:_____
Name: Scott Vogel

[Signature Page to Omnibus Written Consent]

**NEIMAN MARCUS GROUP LTD LLC**

By:_____

Name: Marc Beilinson

By:_____

Name: Geoffroy van Raemdonck

By:_____

Name: Scott Vogel

[Signature Page to Omnibus Written Consent]

**NEIMAN MARCUS GROUP LTD LLC**

By:_____
Name: Marc Beilinson

By:_____
Name: Geoffroy van Raemdonck

By:_____
Name: Scott Vogel

**NEMA BEVERAGE PARENT CORPORATION**

By: _____

Name: Tracy M. Preston

**NEMA BEVERAGE HOLDING CORPORATION**

By: _____

Name: Tracy M. Preston

**NEMA BEVERAGE CORPORATION**

By: _____

Name: Tracy M. Preston

**NM BERMUDA, LLC**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

**NM BERMUDA, LLC**

By:_____
Name: Brandy Richardson

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**NM BERMUDA, LLC**

By: _____

Name: Brandy Richardson


By: _____

Name: Tracy M. Preston


By: _____

Name: Geoffroy van Raemdonck

**NM FINANCIAL SERVICES, INC.**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**NM FINANCIAL SERVICES, INC.**

By: _____
Name: Brandy Richardson

By: _____
Name: Tracy M. Preston

By: _____
Name: Geoffroy van Raemdonck

**NM FINANCIAL SERVICES, INC.**

By:
Name: Brandy Richardson

By:
Name: Tracy M. Preston

By:
Name: Geoffroy van Raemdonck

**NM NEVADA TRUST**

By: NM Financial Services, Inc.
Its: Trustee

By: _____
Name: Tracy M. Preston
Title:   Vice President and Secretary

[Signature Page to Omnibus Written Consent]

**NMG CALIFORNIA SALON LLC**

By: NMG Salon Holdings LLC
Its: Manager

By: _____
Name: Tracy M. Preston
Title: Chief Executive Officer and President

**NMG FLORIDA SALON LLC**

By: NMG Salon Holdings LLC
Its: Manager

By: _____
Name: Tracy M. Preston
Title: Chief Executive Officer and President

**NMG GLOBAL MOBILITY, INC.**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**NMG GLOBAL MOBILITY, INC.**


By: _____
Name: Brandy Richardson


By: _____
Name: Tracy M. Preston


By: _____
Name: Geoffroy van Raemdonck

**NMG GLOBAL MOBILITY, INC.**

By: _____
Name: Brandy Richardson


By: _____
Name: Tracy M. Preston


By: _____
Name: Geoffroy van Raemdonck

**NMG NOTES PROPCO LLC**

By: The Neiman Marcus Group LLC
Its: Sole Manager

By: _____

Name: Tracy M. Preston
Title:  Executive Vice President, General Counsel, Corporate Secretary
       and Chief Compliance Officer

**NMG SALON HOLDINGS LLC**

By: The Neiman Marcus Group LLC
Its: Manager

By: _____
Name: Tracy M. Preston
Title:   Executive Vice President, General Counsel, Corporate Secretary and
         Chief Compliance Officer

**NMG SALONS LLC**

By: NMG Salon Holdings LLC
Its: Manager

By: _____
Name: Tracy M. Preston
Title: Chief Executive Officer and President

**NMG TEXAS SALON LLC**

By: NMG Salon Holdings LLC
Its: Manager

By: _____

Name: Tracy M. Preston
Title: Chief Executive Officer and President

**NMG TERM LOAN PROPCO LLC**

By: The Neiman Marcus Group LLC
Its: Sole Manager

By: _____
Name: Tracy M. Preston
Title:   Executive Vice President, General Counsel, Corporate Secretary
          and Chief Compliance Officer

**NMGP, LLC**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston


By:_____
Name: Geoffroy van Raemdonck

**NMGP, LLC**

By:_____
Name: Brandy Richardson

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**NMGP, LLC**

By: _____
Name: Brandy Richardson


By: _____
Name: Tracy M. Preston


By: _____
Name: Geoffroy van Raemdonck

**THE NEIMAN MARCUS GROUP LLC**

By: Neiman Marcus Group LTD LLC
Its: Sole Member

By:_____
Name: Tracy M. Preston
Title:   Executive Vice President, General Counsel, Corporate Secretary and
        Chief Compliance Officer

**THE NMG SUBSIDIARY LLC**

By: The Neiman Marcus Group LLC
Its: Sole Member

By: _____
    Name:  Tracy M. Preston
    Title:   Executive Vice President, General Counsel,
              Corporate Secretary and Chief Compliance Officer

**WORTH AVENUE LEASING COMPANY**

By:_____
Name: Brandy Richardson


By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**WORTH AVENUE LEASING COMPANY**

By:_____
Name: Brandy Richardson

By:_____
Name: Tracy M. Preston

By:_____
Name: Geoffroy van Raemdonck

**WORTH AVENUE LEASING COMPANY**

By: _____

Name: Brandy Richardson


By: _____

Name: Tracy M. Preston


By: _____

Name: Geoffroy van Raemdonck

**Annex A**

| Company | Jurisdiction | Board of Directors, Board of Managers, General Partner, or Sole Member, as applicable |
|---|---|---|
| Bergdorf Goodman, Inc. | New York | Board of Directors (Tracy M. Preston, Geoffroy van Raemdonck, Brandy Richardson) |
| Bergdorf Graphics, Inc. | New York | Board of Directors (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck, Kim Yee) |
| BG Productions, Inc. | Delaware | Board of Directors (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |
| Mariposa Borrower, Inc. | Delaware | Board of Directors (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |
| Mariposa Intermediate Holdings LLC | Delaware | Board of Managers (Anthony Horton, Geoffroy van Raemdonck) |
| Neiman Marcus Group LTD LLC | Delaware | Board of Managers (Marc Beilinson, Anthony Raemdonck, Scott Vogel) |
| NEMA Beverage Parent Corporation | Texas | Board of Directors (Tracy M. Preston) |
| NEMA Beverage Holding Corporation | Texas | Board of Directors (Tracy M. Preston) |
| NEMA Beverage Corporation | Texas | Board of Directors (Tracy M. Preston) |
| NM Bermuda, LLC | Delaware | Board of Managers (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |
| NM Financial Services, Inc. | Delaware | Board of Directors (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |
| NM Nevada Trust | Massachusetts | Trustee (NM Financial Services, Inc.) |
| NMG California Salon LLC | California | Manager (NMG Salon Holdings LLC) |
| NMG Florida Salon LLC | Florida | Manager (NMG Salon Holdings LLC) |
| NMG Global Mobility, Inc. | Delaware | Board of Directors (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |

| | | |
|---|---|---|
| NMG Notes PropCo LLC | Delaware | Sole Member (The Neiman Marcus Group LLC) |
| NMG Salon Holdings LLC | Delaware | Manager (NMG Salon Holdings LLC) |
| NMG Salons LLC | Delaware | Manager (The Neiman Marcus Group LLC) |
| NMG Texas Salon LLC | Texas | Manager (NMG Salon Holdings LLC) |
| NMG Term Loan PropCo LLC | Delaware | Sole Member (The Neiman Marcus Group LLC) |
| NMGP, LLC | Virginia | Board of Managers (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |
| The Neiman Marcus Group LLC | Delaware | Sole Member (Neiman Marcus Group LTD LLC) |
| The NMG Subsidiary LLC | Delaware | Sole Member (The Neiman Marcus Group LLC) |
| Worth Avenue Leasing Company | Florida | Board of Managers (Brandy Richardson, Tracy M. Preston, Geoffroy van Raemdonck) |

## EXHIBIT A

## RESTRUCTURING SUPPORT AGREEMENT; CHAPTER 11 CASES; RETENTION OF PROFESSIONALS AND APPOINTMENT OF CHIEF RESTRUCTURING OFFICER; CASH COLLATERAL AND ADEQUATE PROTECTION

**WHEREAS**, the Governing Body of each Company has reviewed and considered presentations by the management and the financial and legal advisors (collectively, the "Advisors") of the Companies regarding (i) the liabilities and liquidity of each Company, the strategic alternatives available to it and the effect of the foregoing on each Company's business and (ii) certain proposed restructuring and recapitalization transactions involving Lenders (as defined below) with respect to the Companies' capital structure (the "Restructuring Transactions");

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the Advisors and to fully consider each of the Restructuring Transactions and other strategic alternatives available to such Company and deems it advisable and in the best interests of such Company to consummate the Restructuring Transactions pursuant to and to enter into that certain restructuring support agreement, by and among the Companies and the Consenting Stakeholders (as defined therein), in substantially the form presented to each Governing Body on or in advance of the date hereof (the "Restructuring Support Agreement");

**WHEREAS**, in connection with the consummation of the Restructuring Transactions, the Governing Body of each Company deems it is advisable and in the best interests of such Company, after considering the interests of its creditors and other parties in interest, that such Company file a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Southern District of Texas (the "Bankruptcy Court") and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement be, and hereby are, approved, adopted, ratified and confirmed in all respects;

**FURTHER RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them here is, authorized, empowered and directed to execute, deliver and cause the performance of, in the name and on behalf of the Companies, as applicable, the Restructuring Support Agreement, with such changes therein, deletions therefrom or additions thereto, as any of the Authorized Signatories, acting in good faith, shall approve, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Signatory;

**FURTHER RESOLVED**, that each Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, the Chapter 11 Case in the Bankruptcy Court and/or file or

cause to be filed any other petition for relief or recognition or other order in connection with the Restructuring Transactions;

**FURTHER RESOLVED**, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

**FURTHER RESOLVED**, that each of the Companies are hereby authorized to pay, or cause to be paid, all fees and expenses incurred in connection with the Restructuring Transactions, including, but not limited to, the Restructuring Support Agreement, the Chapter 11 Case and the transactions contemplated thereby, and all fees and expenses appropriate in order to effectuate the purposes and intent of the Restructuring Transactions, the Restructuring Support Agreement, the Chapter 11 Case and these resolutions; and

**FURTHER RESOLVED**, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed, in the name and on behalf of each Company, to take all action to notify, or to obtain any authorizations, consents, waivers or approvals of, any third party that such Authorized Signatory deems necessary, appropriate or advisable in order to carry out the Restructuring Transactions, including, but not limited to, the terms and provisions of the Restructuring Support Agreement, the Chapter 11 Case and the transactions contemplated thereby.

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Berkeley Research Group, LLC ("BRG") as restructuring advisor to, and to appoint Mark Weinsten as Chief Restructuring Officer of each

Company nunc pro tunc to April 1, 2020, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of BRG and to appoint Mark Weinsten as Chief Restructuring Officer, nunc pro tunc to April 1, 2020;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Lazard Frères & Co. LLC ("Lazard") as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Lazard;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a/ Stretto ("Stretto") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**WHEREAS**, each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition lenders or holders of claims (the "Lenders") under (i) that certain Credit Agreement, dated as of October 25, 2013 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "ABL Credit Agreement"),

among Neiman Marcus Group LTD LLC ("NMG LTD") and the other co-borrowers party thereto, as borrowers, Mariposa Intermediate Holdings LLC ("Mariposa Holdings"), the other guarantors from time to time party thereto, the lenders from time to time party thereto, Deutsche Bank AG New York Branch, as administrative agent and collateral agent and TPG Specialty Lending, Inc., as agent for the FILO Lenders (as defined therein) (collectively, the "ABL Secured Parties"); (ii) that certain Credit Agreement, dated as of October 25, 2013 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among NMG LTD, The Neiman Marcus Group LLC ("NMG Group") and NMG Subsidiary LLC ("NMG Subsidiary"), as borrowers, Mariposa Holdings, the other guarantors from time to time party thereto, the lenders from time to time party thereto and Credit Suisse AG, Cayman Islands Branch, as administrative agent and collateral agent (collectively, the "Term Loan Secured Parties"); (iii) that certain Indenture, dated as of June 7, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among NMG LTD, NMG Group, Mariposa Borrower, Inc. ("Mariposa Borrower") and NMG Subsidiary, as issuers, the guarantors from time to time party thereto and Wilmington Trust, National Association ("Wilmington Trust"), as trustee and collateral agent (collectively, the "8.750% Third Lien Secured Parties"); (iv) that certain Indenture, dated as of June 7, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among NMG LTD, NMG Group, Mariposa Borrower and NMG Subsidiary, as issuers, the guarantors from time to time party thereto and Wilmington Trust, as trustee and collateral agent (collectively, the "8.000% Third Lien Secured Parties"); (v) that certain Indenture, dated as of June 7, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among NMG LTD, NMG Group, Mariposa Borrower and NMG Subsidiary, as issuers, the guarantors from time to time party thereto and Ankura Trust Company, LLC ("Ankura Trust"), as trustee and collateral agent (collectively, the "14 % Second Lien Secured Parties"); and (vi) that certain Indenture, dated as of May 27, 1998 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among NMG Group, as issuer and Wilmington Savings Fund Society, FSB (as successor to The Bank of New York), as trustee (collectively, the "Debentures Secured Parties," and, together with the Lenders, ABL Secured Parties, Term Loan Secured Parties, 8.750% Third Lien Secured Parties, 8.000% Third Lien Secured Parties and 14 % Second Lien Secured Parties, the "Secured Parties");

**WHEREAS**, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will be required to provide certain liens, claims and adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and

**WHEREAS**, the Governing Body of each Company deems it is advisable and in the best interests of such Company, after considering the interests of its creditors and other parties in interest, that such Company enter into and perform or cause to be performed the Interim Cash Collateral Order and incur the Adequate Protection Obligations.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the Interim Cash Collateral Order, and the actions and transactions contemplated thereby, be, and hereby are authorized, adopted and approved;

**FURTHER RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Interim Cash Collateral Order; and

**FURTHER RESOLVED**, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

## EXHIBIT B

## SUPERPRIORITY SECURED DEBTOR-IN-POSSESSION CREDIT AGREEMENT

**WHEREAS**, reference is made to that certain Superpriority Secured Debtor-In-Possession Credit Agreement, dated on or about the date hereof (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement"), by and among Mariposa Holdings, NMG LTD, NMG Group, The NMG Subsidiary LLC, a Delaware limited liability company (together with NMG Group and NMG LTD, the "Borrowers" and each a "Borrower"), the Subsidiary Loan Parties (as defined therein) from time to time party thereto, the Lenders from time to time party thereto (the "DIP Lenders"), and Cortland Capital Markets Services LLC, as administrative agent and as collateral agent (in such capacities, the "Agent");

**WHEREAS**, the obligation of the DIP Lenders to make certain extensions of credit is subject to each Company having satisfied certain conditions described in the DIP Credit Agreement;

**WHEREAS**, the DIP Credit Agreement has been presented to and reviewed by the Governing Body of each Company; and

**WHEREAS**, the Governing Body of each Company has determined that the transactions contemplated by the DIP Credit Agreement are in the best interest of such Company party thereto and that it is in the best interest of such Company to (i) execute and deliver the DIP Credit Agreement and any other document or agreement to which it is contemplated to become a party pursuant to the DIP Credit Agreement and the other DIP Loan Documents (as defined below) and (ii) authorize the Authorized Signatories of such Company to take any and all actions as any such Authorized Signatory may deem appropriate to effect the transactions contemplated by the DIP Credit Agreement and the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that in order to use and obtain the benefits of (a) the DIP Credit Agreement and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will grant certain liens and claims, and provide adequate protection to the ABL Secured Parties and to the DIP Lenders to secure the obligations of the Companies under the DIP Credit Agreement (collectively, the "DIP Obligations") as documented in a proposed order in interim and final form (together, the "DIP Orders");

**FURTHER RESOLVED**, that the form, terms and provisions of the DIP Credit Agreement, the DIP Orders, and the form, terms and provisions of each of the instruments and documents listed below to which each Company is or will be a party (collectively with the DIP Credit Agreement and the DIP Orders, the "DIP Loan Documents"), be, and hereby are, in all respects approved; and further resolved, that each Company's performance of its DIP Obligations under the DIP Credit Agreement and the other DIP Loan Documents, including the borrowings thereunder, the guaranteeing of the obligations of the other Companies and the grant of a security interest in the assets of such Company, if applicable, be, and hereby are, in all respects, approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby is, authorized and empowered to execute and deliver

(including by facsimile, electronic, or comparable method) the DIP Credit Agreement, the DIP Orders, each of the other DIP Loan Documents, and each of the instruments and documents contemplated thereby, in the name and on behalf of such Company, on behalf of itself or its subsidiaries, as applicable, under its corporate seal or otherwise, with such changes therein as shall be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Governing Body of each Company:

(a)     the DIP Credit Agreement;

(b)     the Guarantee and Collateral Agreement; and

(c)     such other documents, instruments, certificates, petitions, motions and other papers as may be reasonably requested by the Agent, required by the DIP Orders or contemplated by the DIP Credit Agreement or any other DIP Loan Document;

**FURTHER RESOLVED**, that each Company will obtain benefits from (a) the use of collateral, including Cash Collateral, which is security for the ABL Secured Parties under the ABL Credit Agreement, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreement and other DIP Loan Documents or arising from each DIP Order, which are necessary and convenient to the conduct, promotion and attainment of the business of such Company;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the (a) DIP Financing and (b) Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide the Adequate Protection Obligations, as documented in proposed interim and final orders and submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Loan Documents (collectively, the "<u>DIP Transactions</u>"), including granting liens on its assets to secure such obligations;

**FURTHER RESOLVED**, that the granting of security interests by each applicable Company in all property now or hereafter owned by such Company as contemplated by the DIP Credit Agreement, the DIP Orders, the other DIP Loan Documents and any other agreements, documents or filings that the Agent determines are necessary, appropriate, or desirable pursuant to the terms of the DIP Loan Documents be, and hereby are, in all respects, authorized and approved; and further resolved, that the Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral (as defined in the DIP Credit Agreement) without the signature of such Company in such form and in such offices as the Agent determines appropriate.  The Agent is authorized to use the collateral description "all personal property of debtor" or "all assets of debtor" or any similar description in any such financing statements;

**FURTHER RESOLVED**, that each of the Authorized Signatories of the Companies is authorized and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the DIP Orders;

**FURTHER RESOLVED**, that the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and each of them hereby is, authorized, directed, and empowered in the name and on behalf of each applicable Company, as debtors and debtors in possession, to guarantee the DIP Obligations under the DIP Credit Agreement, the DIP Orders and the other DIP Loan Documents on behalf of itself or on behalf of its subsidiaries, as applicable, to assign, transfer, pledge, and grant, or to continue to assign, transfer, pledge, and grant, to the Agent, for the ratable benefit of the respective or applicable Secured Parties, a security interest in all or substantially all the assets of each Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the DIP Credit Agreement, the DIP Orders, and the other DIP Loan Documents to which each Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each such Company to create, perfect and maintain a security interest in each of its respective property or assets constituting Collateral as described or contemplated in the DIP Loan Documents;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, instruments, certificates, or documents relating to the transactions contemplated by the DIP Credit Agreement, the DIP Orders or any of the DIP Loan Documents and to execute and deliver all such supplemental agreements, instruments, certificates, or documents in the name and on behalf of such Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper, or advisable in order to perform such Company's DIP Obligations under or in connection with the DIP Credit Agreement, the DIP Orders, or any of the DIP Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions, in such form and with such terms as shall be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement, the DIP Orders, or any of the DIP Loan Documents that shall, in their sole judgment, be necessary, proper, or advisable, in such form and with such terms as shall

be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof;

**FURTHER RESOLVED**, that for all transactions authorized above, the Authorized Signatories are authorized to open an account or accounts with such third parties as they deem necessary or desirable for the purpose of engaging in such transactions, and the other party to such transactions is authorized to act upon any verbal or written orders and instructions from the Authorized Signatories in connection with such accounts and transactions;

**FURTHER RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of any Company with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, general partner, sole member, member, managing member, sole manager, manager, or director of each applicable subsidiary of any such Company, if any, whether existing now or in the future, in each case, as such Authorized Signatory shall deem necessary or desirable, including, without limitation, the authorization of resolutions and agreements necessary to authorize the execution, delivery, and performance pursuant to the DIP Loan Documents (including, without limitation, certificates, affidavits, financing statements, notices, reaffirmations, and amendments and restatements thereof or relating thereto) as may be necessary, appropriate, or convenient to effectuate the purposes of the transactions contemplated herein.  The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Signatories of such Company pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by such Company in every respect;

**FURTHER RESOLVED**, that all acts and actions taken by the Authorized Signatories prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement, the DIP Orders or any of the DIP Loan Documents be, and hereby are, in all respects confirmed, approved, and ratified;

**FURTHER RESOLVED**, that the signature of any Authorized Signatory of such Company shall be conclusive evidence of the authority of such Authorized Signatory to execute and deliver the documents to which such Company is a party.  The authority granted herein shall apply with equal force and effect to any successors-in-office of the Authorized Signatories herein identified; and

**FURTHER RESOLVED**, that all capitalized terms used in the resolutions under this Exhibit B and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

# EXHIBIT C

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED,** that each of the Authorized Signatories be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Companies and their subsidiaries, including as the sole shareholder, partner, general partner, sole member, member, managing member, sole manager, manager or director of each applicable subsidiary of any such Company, if any, whether existing now or in the future, in each case, to consummate the transactions contemplated by the foregoing resolutions, to take or cause to be taken any and all further actions, to execute and deliver, or cause to be executed and delivered, all other documents, instruments, agreements, undertakings, and certificates of any kind and nature whatsoever, to incur and pay all fees and expenses and to engage such persons as such Authorized Signatory may determine to be necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions, and the execution by such Authorized Signatory of any such documents, instruments, agreements, undertakings and certificates, the payment of any fees and expenses or the engagement of such persons or the taking by such Authorized Signatory of any action in connection with the foregoing matters shall conclusively establish such Authorized Signatory's authority therefor and the acceptance, authorization, adoption, ratification, approval, confirmation and adoption by the Companies;

**FURTHER RESOLVED,** that any actions taken by any Authorized Signatory of any Company prior to the date hereof which would have been authorized by these resolutions, but for the fact that such actions were taken prior to the date hereof, be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of such Company, as the case may be;

**FURTHER RESOLVED,** that these resolutions may be executed in counterparts, and signature pages hereto may be delivered by facsimile or other comparable method of electronic transmission, each of which shall be deemed an original and all of which, taken together, shall constitute one and the same instrument; and

**FURTHER RESOLVED**, that these resolutions be duly filed with the minutes of the proceedings of each Governing Body, pursuant to their respective Governing Documents.

\* \* \*

Fill in this information to identify the case and this filing:

Debtor Name      The Neiman Marcus Group LLC

United States Bankruptcy Court for the:      Southern District of Texas

(State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Tracy M. Preston*

05/07/2020
MM/ DD/YYYY      Signature of individual signing on behalf of debtor

**Tracy M. Preston**
Printed name

**Authorized Signatory**
Position or relationship to debtor

**Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors**