

ENTERED
05/07/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, | Case No. 20-32519 (DRJ) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 20-3509435 | |
| In re: | Chapter 11 |
| BERGDORF GOODMAN INC., | Case No. 20-32513 (DRJ) |
| Debtor. | |
| Tax I.D. No. 13-0485530 | |
| In re: | Chapter 11 |
| BERGDORF GRAPHICS, INC., | Case No. 20-32510 (MI) |
| Debtor. | |
| Tax I.D. No. 13-2739271 | |
| In re: | Chapter 11 |
| BG PRODUCTIONS, INC., | Case No. 20-32509 (MI) |
| Debtor. | |
| Tax I.D. No. 35-2433650 | |
| In re: | Chapter 11 |
| MARIPOSA BORROWER, INC., | Case No. 20-32518 (MI) |
| Debtor. | |
| Tax I.D. No. 46-3749015 | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MARIPOSA INTERMEDIATE HOLDINGS LLC, | ) ) ) | Case No. 20-32520 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 46-3655829 | ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE CORPORATION, | ) ) | Case No. 20-32497 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 75-2323412 | ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE HOLDING CORPORATION, | ) ) ) | Case No. 20-32498 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 75-2849264 | ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE PARENT CORPORATION, | ) ) ) | Case No. 20-32499 (MI) |
| Debtor. | ) ) | |
| Tax I.D. No. 75-2849262 | ) | |
| In re: | ) ) | Chapter 11 |
| NM BERMUDA, LLC, | ) ) | Case No. 20-32507 (DRJ) |
| Debtor. | ) ) | |
| Tax I.D. No. 45-4242943 | ) | |

15

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NM FINANCIAL SERVICES, INC., | ) | Case No. 20-32512 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 86-0862446 | ) | |
| In re: | ) | Chapter 11 |
| NM NEVADA TRUST, | ) | Case No. 20-32511 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 04-3343700 | ) | |
| In re: | ) | Chapter 11 |
| NMG CALIFORNIA SALON LLC, | ) | Case No. 20-32502 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 81-4129242 | ) | |
| In re: | ) | Chapter 11 |
| NMG FLORIDA SALON LLC, | ) | Case No. 20-32501 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 81-4139269 | ) | |
| In re: | ) | Chapter 11 |
| NMG GLOBAL MOBILITY, INC., | ) | Case No. 20-32506 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 45-5000664 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NMG NOTES PROPCO LLC, | ) | Case No. 20-32515 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2071102 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG SALON HOLDINGS LLC, | ) | Case No. 20-32504 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4545236 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG SALONS LLC, | ) | Case No. 20-32503 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4731570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG TERM LOAN PROPCO LLC, | ) | Case No. 20-32514 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4720786 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG TEXAS SALON LLC, | ) | Case No. 20-32500 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-1200318 | ) | |

17

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NMGP, LLC, | ) ) | Case No. 20-32505 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 06-1701558 | ) ) | |
| In re: | ) ) | Chapter 11 |
| THE NEIMAN MARCUS GROUP LLC, | ) ) | Case No. 20-32517 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 95-4119509 | ) ) | |
| In re: | ) ) | Chapter 11 |
| THE NMG SUBSIDIARY LLC, | ) ) | Case No. 20-32516 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4426074 | ) ) | |
| In re: | ) ) | Chapter 11 |
| WORTH AVENUE LEASING COMPANY, | ) ) | Case No. 20-32508 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 04-3435996 | ) | **Re: Docket No.** |

**ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

(Docket No. 3)

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction

---

[1] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

18

over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-32519 (DRJ). All of the jointly administered cases not previously assigned to Judge Isgur are transferred to Judge Jones. Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   b. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

   c. ☒ Other: See below.

3. The caption of the jointly administered cases should read as follows:

19

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996).  The Debtors' service address is:  One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

4.     The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.     A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors, other than Neiman Marcus Group LTD LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of:  Neiman Marcus Group LTD LLC, Case No. 20-32519; Bergdorf Goodman, Inc., Case No. 20-32513; Bergdorf Graphics, Inc., Case No. 20-32510; BG Productions, Inc., Case No. 20-32509; Mariposa Borrower, Inc., Case No. 20-32518; Mariposa Intermediate Holdings LLC, Case No. 20-32520; NEMA Beverage Corporation, Case No. 20-32497; NEMA Beverage Holding Corporation, Case No. 20-32498; NEMA Beverage Parent Corporation, Case No.

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.stretto.com/neimanmarcus.  The location of Debtor Neiman Marcus Group LTD LLC's principal place of business and the Debtors' service address in these chapter 11 cases is One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

20-32499; NM Bermuda, LLC, Case No. 20-32507; NM Financial Services, Inc., Case No. 20-32512; NM Nevada Trust, Case No. 20-32511; NMG California Salon LLC, Case No. 20-32502; NMG Florida Salon LLC, Case No. 20-32501; NMG Global Mobility, Inc., Case No. 20-32506; NMG Notes PropCo LLC, Case No. 20-32515; NMG Salon Holdings LLC, Case No. 20-32504; NMG Salons LLC, Case No. 20-32503; NMG Term Loan PropCo LLC, Case No. 20-32514; NMG Texas Salon LLC, Case No. 20-32500; NMGP, LLC, Case No. 20-32505; The Neiman Marcus Group LLC, Case No. 20-32517; The NMG Subsidiary LLC, Case No. 20-32516; and Worth Avenue Leasing Company, Case No. 20-32508. The docket in Case No. 20-32519 (DRJ) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-32519 (DRJ).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors shall be permitted to file their monthly operating reports required by the *Region 7 Guidelines for Debtors-in-Possession* on a consolidated basis; *provided* that disbursements will be listed on a Debtor-by-Debtor basis.

10. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 07, 2020.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**